GOKALP BAYRAMOGLU (Cal. Bar No. 268222)
gokalp@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
8275 South Eastern Ave
Las Vegas Nevada 89123
Telephone:   702.724.2628
Facsimile:    702.446.9401

*Attorney for Plaintiff*

*Digital Empire Limited*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL EMPIRE LIMITED<br><br>                        Plaintiff,<br>V.<br>COMPAL ELECTRONICS INC GROUP<br>HENGHAO TECHNOLOGY CO., LTD<br>BIZCOM ELECTRONICS, INC.<br>AUSCOM ENGINEERING INC.<br>                        Defendants. | CIVIL ACTION NO.<br><br>**'14CV1688 GPC NLS**<br><br><br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed: July 22, 2014 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Digital Empire Limited ("Plaintiff") files this Complaint for patent infringement against Defendants Compal Electronics Inc Group, Henghao Technology Co., Ltd, Bizcom Electronics, Inc., and Auscom Engineering Inc. ("Defendants"). Plaintiff demands a trial by jury and alleges as follows:

**Parties**

1. Plaintiff Digital Empire Limited is Samoa corporation with its principal place of business at Offshore Chambers, P.O. Box 217, Apia, Samoa.

2. On information and belief, Compal Electronics Inc Group is a corporation organized and existing under the laws of Republic of China (Taiwan) with its place of business No.581, Ruiguang Rd., Neihu District, Taipei City 11492, Taiwan (R.O.C.). On information and belief, Compal Electronics Inc Group is a nonresident of California who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Defendant resides in this jurisdiction within the meaning of 28 U.S.C §1400(b). This proceeding arises, in part, out of business done in this state. Defendant regularly conducts and transacts business in California, throughout the United States, and within the Southern District of California, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3. On information and belief, Henghao Technology Co., Ltd is a corporation organized and existing under the laws of Republic of China (Taiwan) with its place of business No.8 South East Rd, Pingzhen, TaoyuanTaiwan (R.O.C.). On information and belief,

Henghao Technology Co., Ltd is a nonresident of California who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Defendant resides in this jurisdiction within the meaning of 28 U.S.C §1400(b). This proceeding arises, in part, out of business done in this state. Defendant regularly conducts and transacts business in California, throughout the United States, and within the Southern District of California, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

4. On information and belief, Bizcom Electronics, Inc. is a California corporation with its principal place of business at 1171 Montague Expressway Milpitas, CA 95035. This Defendant has appointed Duan Wang, 1171 Montague Expressway Milpitas, CA 95035 as its agent for service of process. On information and belief, Defendant Bizcom Electronics, Inc regularly conducts and transacts business in the United States, throughout the State of California, and within the Southern District of California, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

5. On information and belief, Auscom Engineering Inc. is a Texas corporation with its principal place of business at 1 Dell Way Round Rock Texas 78682-0001. This Defendant has appointed James F. Stair, 8112 Navidad Dr. Austin Texas 78735, as its agent for service of process. On information and belief, Defendant Auscom Engineering Inc. regularly conducts and transacts business in the United States, throughout the State of California, and within the Southern District of California, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

**6.** On information and belief, Defendants sell and/or offer to sell touchscreens ("Henghao Panels") which are used in various devices such as smartphones, tablets, and computers that are intended for sale in the United States. On information and belief, products containing the Henghao Panels are sold in this judicial district, in California, and elsewhere in the United States through various means.

### JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants have substantial contacts with and conduct business in the State of California and in this judicial district, and have been infringing, contributing to the infringement of and/or actively inducing others to infringe claims of the Patent-in-Suit in California and elsewhere in the United States. Specifically, on information and belief, Defendants sell, offer to sell, market, and advertise the accused Henghao Panels to their customers. On information and belief, Defendants have actively induced their customers such as Acer Co. ("ACER"), Dell Computer, Inc. ("DELL") and Hewlett Packard Inc. ("HP") to make, use, and sell products that practice one or more claims of the Patent-in-Suit in this judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because a substantial part of the events giving rise to the claims at issue occurred in this district.

10. This Court has personal jurisdiction over Defendants by virtue of the business activities they conduct within this district and within the State of California, resulting in sufficient minimum contacts with this forum.

11. DIGITAL EMPIRE LIMITED is the sole owner by assignment of United States Patent No. 8,081,169 (the "'169 Patent"), which issued on December 20, 2011, and is entitled "Cover Lens With Touch-Sensing Function And Method For Fabricating The Same." A copy of the '169 Patent is attached hereto as Exhibit A.

12. The '169 Patent relates to the field of touch panel devices, and in particular to a cover lens with touch-sensing function which is combined onto an external side of an electronic device and allows the

touch-sensing and protection for the electronic device.

## COUNT I

## DEFENDANTS' INFRINGEMENT OF U.S. PATENT NO. 8,081,169

13. DIGITAL EMPIRE LIMITED incorporates by reference paragraphs 1 through 12 above as though fully restated herein.

14. DIGITAL EMPIRE LIMITED is the sole owner by assignment of the '169 Patent and possesses all rights of recovery under the '169 Patent, including the right to sue for infringement and recover past damages.

15. Upon information and belief, Defendants have infringed and if not enjoined, will continue to infringe one or more claims of the '169 Patent by performing, without authority, one or more of the following acts: (1) making, having made, using, importing, offering for sale, or selling in the United States the Henghao Panels that infringe one or more claims of the '169 Patent, in violation of 35 U.S.C. §271(a); (2) inducing infringement of one or more claims of the '169 Patent in violation of 35 U.S.C. §271(b); and/or (3) contributing to the infringement of one or more claims of the '169 Patent in violation of 35 U.S.C. §271(c).

16. Upon information and belief, Defendants' acts of direct infringement of the '169 Patent, literal and/or under the doctrine of equivalents, include making, having made, using, offering to sell, or selling, in this district or elsewhere in the United States, the Henghao Panels that practice one or more claims of the '169 Patent, including

but not limited to the touchscreens used in DELL notebook computers, HP notebook computers and ACER notebook computers.

17. Upon information and belief, Defendants have contributed to and continue to contribute to the infringement of one or more claims of the '169 Patent by offering to sell, and selling to their customers, such as DELL, HP, and ACER in this district and elsewhere in the United States, the accused Henghao Panels that constitute a material component of a device, system, combination or composition covered by the '169 Patent, and that the customers have utilized said products in a manner that infringes one or more claims of the '169 Patent.

18. Upon information and belief, Defendants have been aware, prior to filing of this action, that its products accused of infringement, including but not limited to the accused Henghao Panels, are especially made and/or adapted for use(s) that infringe one or more claims of the '169 Patent and are, therefore, not staple articles or commodities of commerce suitable for substantial non-infringing use.

19. Upon information and belief, Defendants have induced and continue to induce infringement of one or more claims of the '169 Patent in this district and elsewhere in the United States, by, among other things, actively encouraging, or otherwise causing their customers, such as DELL, HP and ACER, to use the Henghao Panels that practice one or more claims of the '169 Patent, including, but not limited to, the touchscreens used in DELL notebook computers, HP notebook computers and ACER notebook computers.

20. Upon information and belief, Defendants have had knowledge of the '169 Patent prior to the filing of the Complaint in

this action, and continue to encourage, or otherwise cause their customers to use the Henghao Panels that infringe one or more claims of the '169 Patent.

21.     Upon information and belief, Defendant has specifically intended that their customers use the Henghao Panels that infringe one or more claims of the '169 Patent by, at minimum, providing designs, datasheets and specifications of the accused Henghao Panels to their customers such as DELL, HP and ACER.

22.     Upon information and belief, Defendant has knowingly sold and/or offered the Henghao Panels that infringe one or more claims of the '169 Patent to their customers such as DELL, HP and ACER by, at minimum, actively providing technical support to help their customers integrate such Henghao Panels into the end-products sold in the United States, including but not limited to, smartphones, tablets and notebook computers.

23.     Upon information and belief, Defendants' act of infringing the '169 Patent have been willful and in deliberate disregard of 's patent rights.

24.     As a result of Defendants' infringement of the '169 Patent, DIGITAL EMPIRE LIMITED has suffered and will continue to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DIGITAL EMPIRE LIMITED asks this Court to enter judgment in its favor against Defendants and grant the following relief:

1.     An adjudication that Defendants have infringed, and continue to infringe, the Patent-in-Suit as alleged above;

2. An accounting of all damages sustained by DIGITAL EMPIRE LIMITED as a result of Defendants' acts of infringement of the Patent-in-Suit;

3. An award to DIGITAL EMPIRE LIMITED of actual damages adequate to compensate DIGITAL EMPIRE LIMITED for Defendants' acts of patent infringement, together with prejudgment and post-judgment interest;

4. An award to DIGITAL EMPIRE LIMITED of enhanced damages, up to, and including, trebling of DIGITAL EMPIRE LIMITED's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

5. An award of DIGITAL EMPIRE LIMITED's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

6. A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants, and each of its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with Defendants, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts of: (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Patent-in-Suit, or in the alternative, a post-judgment royalty for post-judgment infringement;

7. Any further relief that this Court deems just and proper.

### JURY DEMAND

Plaintiff Digital Empire Limited requests a jury trial on all issues triable to a jury in this matter.

Dated: July 22, 2014          Respectfully submitted,

**BAYRAMOGLU LAW OFFICES LLC**

By:     */s/ Gokalp Bayramoglu*
             Gokalp Bayramoglu

*Attorney for Plaintiff*

*Digital Empire Limited LLC*

**CERTIFICATE OF FILING**

I hereby certify that on July 22, 2014 I electronically filed the foregoing document with the clerk of the Court using the CM/ECF system.

                              /s/ Gokalp Bayramoglu

                              Gokalp Bayramoglu