UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL EMPIRE LIMITED,<br><br>                                    Plaintiff,<br>vs.<br>COMPAL ELECTRONICS INC GROUP, et al.,<br><br>                                    Defendants. | CASE NO. 14cv1688 DMS (KSC)<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL** |

On September 25, 2015, Defendants filed a motion for leave to file under seal their Memorandum of Points and Authorities in Support of Their Motion for Fees and Costs as well as Exhibit 5 to the Declaration of Carlos Espinoza in Support of that Motion.

"Courts have long recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). However, "[t]his right is not absolute." *Id.* Documents related to non-dispositive motions, like the one at issue here, may be filed under seal if the party filing the documents shows "good cause by making a 'particularized showing' that 'specific prejudice or harm will result' should the information be disclosed." *Digital Reg of Texas, LLC v. Adobe Systems, Inc.*, No. C 12-1971 CW, 2015 WL 604055, at *1 (N.D. Cal. Feb. 11, 2015) (quoting

1  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).
2  "'Broad allegations of harm, unsubstantiated by specific examples of articulated
3  reasoning' will not suffice."  *Jones v. Travelers Casualty Ins. Co. of Am.*, No.
4  13-CV-02390-LHK, 2015 WL 865877, at *1 (N.D. Cal. Feb. 5, 2015) (quoting
5  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Furthermore,

> [a] protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.

*Guzik Technical Enterprises, Inc. v. Western Digital Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6576266, at *1 (N.D. Cal. Dec. 13, 2013).

Here, Defendants assert that the reason for sealing Exhibit 5 is that Plaintiff designated the document as confidential under the protective order in place in this case. However, Defendants fail to allege that prejudice or harm, particularized or otherwise, would result from the disclosure of the Exhibit.  Defendants' assertion that the information contained in Exhibit 5 is confidential does not satisfy the good cause standard for filing these documents under seal.

For these reasons, the Court denies Defendants' motion for leave to file these documents under seal.  The Clerk of Court shall file the documents according to the regular filing procedure.

**IT IS SO ORDERED**.

DATED: August 24, 2016

_____
HON. DANA M. SABRAW
United States District Judge